JOHNSON, Judge.
Plaintiff brought this suit to recover $373.18 as damages to his automobile and $585.00 for personal injuries suffered by his minor son, Dennis E. Ziemer, when plaintiff’s car, driven by the son, was in collision with the automobile of defendant, alleging negligence on the part of defendant. The First City Court of New Orleans dismissed the suit and plaintiff has appealed.-
Defendant admits the occurrence of the accident, denies liability and alleges in the alternative that Dennis E. Ziemer was guilty of contributory negligence.
There were only three witnesses to the accident, Dennis E. Ziemer, Jacqueline Breaux and the defendant. The accident took place about 4:20 p. m., on December 5, 1960, at the intersection of Veterans Highway and Bonnabel Boulevard in Jefferson Parish, Louisiana. Veterans Highway extends east and west. One side of two traffic lanes to go west and the other side of two traffic lanes to go east are separated by a canal at the point in question. Bonnabel Boulevard extends north and south between the Lake and Metairie and crosses Veterans Highway approximately at right angles. The traffic lanes of Bon-nabel Boulevard are separated by a neutral ground. A bridge on Bonnabel Boulevard crosses the canal in Veterans Highway.
Dennis E. Ziemer testified that immediately prior to the accident he traveled west on Veterans Highway and turned left at Bonnabel Boulevard toward the Mississippi River. Before entering to cross the south side of Veterans Highway he stopped on the bridge in his right lane in obedience to a “yield right-of-way” sign. He said he looked to his right and saw some cars two or three blocks away coming east on that side of Veterans Plighway. He drove ahead to cross and when his car was pretty well into Bonnabel Boulevard he heard brakes and his car was hit when the whole front end from the windshield forward was out of Veterans Highway and the rear portion was still in the highway. He explained that position by saying that there were two posts at the southwest corner. One post was about two feet from the side of Veterans Highway and the other was about ten to twenty feet, and his front bumper was about midway between those posts. He said the front of defendant’s car struck from the *538 door post of his car forward and the greatest damage was at the door and the right front fender. He said the cars came to rest in Veterans Highway.
Jacqueline Breaux, eighteen years old, was a passenger on the front seat of the Ziemer car. She said that when they stopped on the bridge there was a car stopped in front of them and she thought she recognized the girl in that car. She was so absorbed in trying to determine whether she knew the person that she did not look for traffic. This other car pulled ahead of the Ziemer car and she asked Ziemer if he knew the girl. As they were crossing the Veterans Highway she heard brakes and saw defendant’s car coming into them. She could not explain the position of the Ziemer car except she tried to say that when she saw the car of defendant coming into the Ziemer car she thought they were right near a post at the corner nearest her. She remembered seeing a post. She further said that defendant’s car struck the rear right side of the Ziemer car. Her testimony amounts to naught because in places it is actually incoherent.
A deputy sheriff was called but all that could be gotten out of his testimony is that when he got there the Ziemer car was facing southeast about three-quarters of the way across Veterans Highway and defendant’s car was against the right side of the Ziemer car. Again we could get nothing definite from his testimony except that defendant’s car did not leave any skid marks.
Defendant testified that he was traveling about thirty-five miles per hour and when he was within fifteen feet of Bonnabel Boulevard the Ziemer car came across in front of him; that he had not seen the car before; that he put on his brakes but couldn’t keep from hitting the car on the right side.
The accident could not have happened in the manner that Dennis Ziemer explained it. If the front end of his car had advanced to a position half way between the posts which were located immediately to his right along Bonnabel Boulevard, the defendant’s car could not have hit the front of the Ziemer car without knocking over the first post that was within two feet of Veterans Highway.
Our conclusion here is that neither party saw the other and there was no good reason why each did not see the other. Both parties were guilty of gross negligence which caused the accident and the judgment of the City Court dismissing the suit is correct.
Judgment affirmed.